UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRISE HOWARD,

        Petitioner,

vs.                                Case No. 3:17-cv-744-J-39JRK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.

## ORDER

### I. STATUS

Petitioner Derrise Howard challenges a 2010 (Duval County) conviction for second degree murder.[1] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1. She raises four grounds in the Petition. Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 18). Respondents reference Exhibits to Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 18) in support of their response.[2] Petitioner filed a Response to Motion

---

[1] Petitioner states her date of conviction is November 5, 2012; the record demonstrates the date of conviction is November 5, 2010. Apparently, the incorrect date on the habeas form is simply a scrivener's error.

[2] The Court hereinafter refers to the exhibits contained in the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

to Dismiss Petition [for] Writ of Habeas Corpus (Reply) (Doc. 23). See Order (Doc. 11).

Respondents calculate that the Petition is untimely filed. No evidentiary proceedings are required in this Court.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

> collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents, in their Response, contend Petitioner has failed to comply with the limitation period. The Court will provide a brief procedural history. Petitioner was charged by indictment with first degree murder. Ex. A at 111-13. A jury returned a verdict of guilty of second degree murder, a lesser-included offense. Ex. B at 215-16; Ex. G at 846. On November 5, 2010, the trial court sentenced Petitioner to life in prison. Ex. B at 375-76.

On November 8, 2010, Petitioner appealed. Id. at 384-85; Ex. I; Ex. J. On October 5, 2011, the First District Court of Appeal (1st DCA) affirmed per curiam. Ex. K. The mandate issued on October 21, 2011. Id. The conviction became final on January 3, 2012 (90 days after October 5, 2011) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). The limitation period remained tolled due to the December 8, 2011 filing of a pro se Rule 3.800(c) Motion for Sentence Modification. Ex. L. See Rogers v. Sec'y, Dep't of Corr., 855 F.3d 1274, 1277 (11th Cir. 2017) (holding a Rule 3.800(c) motion constitutes an application for

collateral review which tolls the limitations period); Green v. Sec'y, Fla. Dep't of Corr. 716 F. App'x 877, 878 (11th Cir. 2017) (per curiam) (recognizing that in Rogers the 11th Circuit held that a rule 3.800(c) motion tolls the one-year statute of limitations). The limitation period remained tolled until the January 11, 2012 filing of the trial court's order denying the motion. Ex. M. The motion is not appealable;[3] therefore, the limitation period began to run on January 12, 2012, and ran for 266 days, until Petitioner filed a pro se Rule 3.850 post conviction motion in the circuit court on October 4, 2012. Ex. N. This post conviction motion tolled the limitation period through its denial on November 4, 2016. Ex. O. The one-year limitation period continued to be tolled until Sunday, December 4, 2016. Petitioner had until Monday, December 5, 2016, to file an appeal, but she did not timely file a notice of appeal. The record shows she filed a notice of appeal on December 8, 2016.[4] Ex. O at 526-28. Thus, the clock

---

[3] A Rule 3.800(c) motion, directed to the discretion of the trial court, is not appealable. Frazier v. State, 766 So.2d 459, 460 (Fla. 1st DCA 2000) (per curiam). See Motes v. Fla. Dep't of Corr. Sec'y, No. 3:16cv468/MCR/EMT, 2017 WL 7053990, at *3 n.5 (N.D. Fla. Sept. 6, 2017) (noting the appellate court has no jurisdiction to review the correctness of the trial court's disposition of a Rule 3.800(c) motion, therefore, the motion becomes final upon the trial court's ruling), report and recommendation adopted by 2018 WL 564857 (N.D. Fla. Jan. 25, 2018).

[4] Upon being directed to show cause why her appeal should not be dismissed because it appeared to be untimely, Ex. P, Petitioner responded she was at the mercy of prison staff to obtain access to the law library and mailing services. Ex. Q.

began running again on Tuesday, December 6, 2016. The one-year limitation period expired on Wednesday, March 15, 2017.[5] Petitioner did not file her pro se Petition until June 26, 2017. Petition at 15. Based on the foregoing, the Petition is untimely and due to be dismissed.

Although not provided to the Court by Petitioner or the Respondents, Petitioner states she filed a petition for belated appeal of her Rule 3.850 motion, which was denied by the 1st DCA. Reply at 2. Of import, a petition for belated appeal "does not qualify as an application for collateral review." Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016). As a result, there is no statutory tolling of the one-year statute of limitation by the filing of a motion for belated appeal. Simply, "filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus." Id. at 1305 (quoting Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015)). Moreover, Petitioner states the 1st DCA denied the petition for belated appeal, a decision which did not reopen review. Thus, the "petition for belated appeal never triggered a reexamination of [her] conviction or sentence and, as a result,

---

[5] Because Petitioner's statute of limitations period included a year with a leap-day (2012), the Court gives Petitioner the benefit of the extra day. See Response at 7 n.4.

failed to toll the federal limitation period." Espinosa, 804 F.3d at 1142.

To the extent Petitioner is claiming her first federal Petition for Writ of Habeas Corpus "effectively stopped the running of the 1 year limitations period[,]" she is incorrect in her reasoning. Reply at 2; Ex. S; Ex. T. The time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

Finally, the AEDPA one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 651-52 (2010). The two-pronged test for equitable tolling requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). However,

> "[C]ircumstances warranting equitable tolling" do not include restricted access to a law library. Miller v. Florida, 307 Fed. Appx.

> 366, 368 (11th Cir. 2009) (citing <u>Akins v. United States</u>, 204 F.3d 1086, 1089-90 (11th Cir. 2000); <u>see</u> also <u>Paulcin v. McDonough</u>, 259 Fed. Appx. 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."); <u>Coleman v. Mosley</u>, 2008 WL 2039483 at *3 (M.D. Ala. May 12, 2008) ("Petitioner'[s] *pro se* status, ignorance of the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period.").

<u>Couch v. Talladega Circuit Courts</u>, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908, at *5 (N.D. Ala. July 3, 2013).

Clearly, Petitioner bears the burden to show extraordinary circumstances that are both beyond her control and unavoidable with diligence, and this high hurdle is not easily surmounted. <u>Howell v. Crosby</u>, 415 F.3d 1250 (11th Cir. 2005), <u>cert</u>. <u>denied</u>, 546 U.S. 1108 (2006); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Upon review, Petitioner has not asserted she is entitled to equitable tolling or met the burden of showing that equitable tolling is warranted. Petitioner has not shown that extraordinary circumstances stood in her way and prevented her from timely filing the Petition. Furthermore, Petitioner has not shown she exercised due diligence. This pro se Petitioner is not excused from complying with the time constraints for filing a federal petition. <u>Moore v. Bryant</u>, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (report and recommendation), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> the District Court on March 14, 2007.

Under these circumstances, the Court is not persuaded that Petitioner acted diligently. The Court finds Petitioner has not shown she is entitled to extraordinary relief. Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show she exercised due diligence. Petitioner has failed to show an extraordinary circumstance, and she has not met the burden of showing that equitable tolling is warranted.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon her. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. She has failed to demonstrate she is entitled to equitable tolling.[6] Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

---

[6] Petitioner does not claim actual innocence, see Petition & Reply, and she has failed to demonstrate she has new evidence establishing actual innocence.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[7] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2019.

_____
BRIAN J. DAVIS
United States District Judge

sa 4/5
c:
Derrise Howard
Counsel of Record

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.